UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  15-15249 |
| GULF PACKAGING, INC., | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE USING ITS CASH MANAGEMENT SYSTEM, (B) MAINTAIN ITS EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (C) CONTINUE TRANSACTIONS WITH AFFILIATES, AND (II) GRANTING RELATED RELIEF**

Upon the Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (a) Continue Using Its Cash Management System, (b) Maintain Its Existing Bank Accounts and Business Forms and (c) Continue Transactions with Affiliates, and (II) Granting Related Relief, filed by Gulf Packaging, Inc., the above-captioned debtor and debtor in possession (the "Debtor"); and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that the relief requested in the Motion is in the best interests of the Debtor's estate; and it appearing that due and sufficient notice of the Motion has been provided by the Debtor under the circumstances and that no other or further notice is required; and upon the hearing on the Motion conducted on May 5, 2015 and the record made thereat; and after due deliberation and good cause appearing therefor, it is HEREBY ORDERED THAT:

    1. The Motion is granted on an interim basis as set forth herein.2

    2. A final hearing (the "Final Hearing") on the Motion shall take place on May 26, 2015, at10:00 [a/].m., prevailing Central Time. Objections, if any, to the relief requested in the Motion and entry of the Final Order shall be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, and served on the following parties, such as to be actually received no later than May 19, 2015 : (i) Gray Reed & McGraw, P.C., 1601 Elm Street, Suite 4600, Dallas, Texas 75201 Attention: Jason S. Brookner and FrankGecker LLP, 325 N. LaSalle Street, Suite 625, Chicago, Illinois, 60654, Attention: Joseph D. Frank, Counsel to the Debtor; (ii) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago Illinois 60603, Attention Dimitri G. Karcazes, Counsel to FCC; (iii) the Office of the United States Trustee for the Northern District of Illinois, 219 S. Dearborn Street, Room 873, Chicago, Illinois 60604; (iv) Merchants and Manufacturers Bank and its counsel, if any; (v) counsel to any statutory committee appointed in this chapter 11 case; and (vi) any party that has filed a notice of appearance and request for service of pleadings in this case. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.
3. The Debtor is authorized, but not directed, to (a) continue operating the Cash Management System, substantially as identified on Exhibit B attached to the Motion and as described in the Motion, (b) honor its prepetition obligations related thereto, (c) maintain existing business forms, and (d) continue conducting ordinary course Affiliate Transactions, including without limitation the Affiliate Transactions described in the Motion; provided however, that the Debtor shall not pay for any goods or services provided by the Affiliates to the Debtor prior to the Petition Date, unless otherwise authorized by this Court.

4. The Debtor is further authorized, but not directed, to (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Date, including those accounts identified on Exhibit A attached to the Motion, (b) use, in their present form, all correspondence and business forms (including, without limitation, letterhead, purchase orders, and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtor's status as debtor in possession, (c) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor in possession, (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits, (e) pay any Bank Fees for prepetition transactions that are charged postpetition, (f) reimburse the Banks for any claims arising before or after the Petition Date in connection with customer checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds in its Bank Accounts, and (g) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts and related cash management services, and to otherwise perform its obligations under the documents and agreements governing the Bank Accounts and related cash management services. For clarity, Bank Fees shall not include any indebtedness or fees that may be owing to FCC under the FCC Facility unless otherwise authorized by this Court.

5. The Banks are authorized without the need for further order of this Court to: (a) continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession and provide related treasury and cash management services as described in paragraph 4 above, without interruption and in the ordinary course; (b) receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, credit card payments, other electronic transfers, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "Disbursements"); and (c) debit or charge back the Bank Accounts for all undisputed prepetition and postpetition Bank Fees, provided, however, that no Disbursements (excluding any electronic fund transfers that the Banks are obligated to settle) presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored, unless (i) authorized by order of this Court, (ii) not otherwise prohibited by a "stop payment" request received by the Banks from the Debtor, and (iii) supported by sufficient available funds in the Bank Account in question.

6. The Debtor's credit card processors are authorized to process payments in the ordinary course of business, including the netting out of any fees and/or chargebacks whether arising before or after the Petition Date.

7. In the course of providing cash management services to the Debtor, each of the Banks at which the Bank Accounts are maintained is authorized, without further order of this Court, to deduct the applicable fees from the appropriate accounts of the Debtor, and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

8. Any payment that is authorized by the Debtor and paid from a Bank Account by a Bank before the Petition Date (including any ACH Payment such Bank is or becomes obligated to settle), shall be deemed to be paid prepetition, whether or not actually debited from the Bank Account prepetition.

9. Subject to the terms set forth herein, the Banks are authorized to accept, honor and rely upon all representations of the Debtor with respect to whether any Disbursement should be honored pursuant to any order of this Court, whether or not such Disbursements are dated prior to, on, or subsequent to

the Petition Date, and whether or not the Banks believe the payment is authorized by an order of this Court. No Bank shall be deemed in violation of this Interim Order or any other order or have any liability to any party for honoring any Disbursement either (a) at the direction of the Debtor, (b) in the good faith belief that the Court has authorized such Disbursement to be honored, or (c) as a result of an innocent mistake.

10. Any Banks are further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account and (b) accept and hold the Debtor's funds in accordance with the Debtor's instructions; provided, however, that the Banks shall not have any liability to any party for relying on such representations.

11. Subject to the Cash Collateral Order (as defined below), Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor shall give notice within fourteen (14) days to counsel to FCC, the U.S. Trustee and any statutory committees appointed in this chapter 11 case; provided further, however, that the Debtor shall open any such new bank account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at such bank that is willing to immediately execute such an agreement.

12. The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

13. Subject to the Cash Collateral Order (as defined below), notwithstanding anything seemingly to the contrary set forth herein, the Debtor is authorized to continue Affiliate Transactions arising from or related to the operation of its business in the ordinary course; provided, however, that for the avoidance of doubt, the Debtor shall not be authorized by this Interim Order to (a) directly or indirectly, make any distribution on account of an equity interest in the Debtor held by an Affiliate or its beneficial owner, (b) undertake any other Affiliate Transaction that is not on the same terms as, or materially consistent with, the Debtor's operation of its business in the ordinary course during the prepetition period, or (c) pay any indebtedness or fees owing to FCC. In connection with the Affiliate Transactions, the Debtor shall continue to maintain current records with respect to all transfers of cash so that all Affiliate Transactions may be readily ascertained, traced, and properly recorded on the Affiliate accounts.

14. As soon as practicable after entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on the Banks.

15. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Debtor; (b) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

16. Notwithstanding anything to the contrary contained herein, the relief granted in this Interim Order and any payment to be made, or any authorization contained, hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in this chapter 11 case, including with respect to any budgets governing or relating to such use (collectively, the "Cash

Collateral Order"), and to the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

17. Notwithstanding anything herein to the contrary, nothing in this Interim Order shall modify or otherwise affect the terms and provisions of any bank account control agreement or similar agreement as may exist from time to time between the Debtor and FCC.

18. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

20. Notwithstanding Local Rule 5005-3(D), the Debtor is authorized to file the Motion in an amount exceeding 15 pages without filing a separate motion for relief.

21. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Enter:

Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated: May 05, 2015

**Prepared by:**

Joseph D. Frank (IL No. 6216085)
Jeremy C. Kleinman (IL No. 6270080)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Phone: (312) 276-1400
Fax: (312) 276-0035