**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| GULF PACKAGING, INC.,[1] | ) Case No. 15-15249 (PSH) |
| Debtor. | ) |

**ORDER APPROVING PROCEDURES FOR THE INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Upon the Motion (the "Motion") to Approve Procedures for the Interim Compensation and Reimbursement of Expenses for Professionals, filed by Gulf Packaging, Inc., the above-captioned debtor and debtor in possession (the "Debtor"); and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that the relief requested in the Motion is in the best interests of the Debtor and its estate; and it appearing that due and sufficient notice of the Motion has been provided by the Debtor and that no other or further notice is required; and upon the hearing on the Motion conducted on May 26, 2015 and the record made thereat; and after due deliberation and good cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.[2]

2. Unless otherwise ordered by the Court, the following procedures shall apply to all court-approved Professionals employed in this chapter 11 case:

    a. On or before the 20th day of each month, each Professional may submit a monthly fee statement ("Fee Statement") to (i) counsel to the

---

[1] The last four digits of the Debtor's tax identification number are 5030.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

U.S. Trustee, (ii) Gray Reed & McGraw, P.C. and FrankGecker LLP, co-counsel to the Debtor, (iii) Goldberg Kohn Ltd., counsel to FCC, and (iv) Freeborn & Peters LLP, counsel to the Committee (collectively, the "Notice Parties"). Such Fee Statement shall describe and itemize the fees and expenses (in accordance with the guidelines promulgated by the UST) incurred within such period, together with (i) a summary setting for the total amount of fees; (ii) each Professional's (and any paraprofessional's) hourly rate; (iii) total time and fees; (iv) the amount of reimbursable expenses sought; and (v) the amount of any prepetition retainer held by the Professional.

b.   In the event that a Notice Party has an objection to the compensation or reimbursement sought in a particular Fee Statement, such Notice Party shall, no later than 15 days after receipt of the Fee Statement, serve upon the Professional whose Fee Statement is objected to and the other parties designated in subparagraph (a) a written "Notice of Objection to Fee Statement" setting forth with specificity the nature of the objection by time entry and the amount of fees or expenses at issue. Thereafter, the objecting party and the Professional whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection within 10 days after receipt of such objection, the Professional whose Fee Statement is objected to shall have the option of (i) filing a motion seeking payment of the disputed amount with the Court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court ~~will~~ *may* consider ~~and dispose of~~ the objection if payment of the disputed amount is requested. /psh/

c.   Promptly after the expiration of the 15 day period described above, if no objection has been served in accordance with subparagraph (b), the Debtor shall pay 80% of the fees and 100% of the expenses requested in the Fee Statement. If the Debtor receives an objection to a Fee Statement, the Debtor shall withhold payment of the disputed amount and promptly pay the remainder based upon the percentages set forth above.

d.   The first Fee Statement shall be submitted by each Professional on or before June 20, 2015 and shall cover the period from the Petition Date through May 31, 2015.

e.   Every three (3) months, on or before the 45th day following the

2

2663125.1

last day of the period for which compensation is sought, each Professionals shall file with the Court and serve on the Notice Parties an application for interim approval and allowance pursuant to 11 U.S.C. §§ 330 and 331, of the fees and expenses requested for the prior three (3) months, pursuant to 11 U.S.C. §§ 330 and 331 (which identifies the professional seeking compensation, discloses the period for which the payment of compensation and reimbursement is being sought and describes the amount of compensation and expenses sought). The first interim applications shall be filed on or before September 14, 2015, and shall cover the period from the Petition Date through and including July 31, 2015. Any Professional who fails to file an interim application when due shall be ineligible to receive further interim payments of fees or expenses as provided for herein until such time as the application is submitted.

f. Upon the conclusion of a Professional's employment by the estate, such Professional shall file a final fee application seeking final approval of all paid and unpaid fees and expenses. Neither the payment of nor the failure to pay, in whole or in part, monthly or quarterly interim compensation and reimbursement of expenses, nor the filing of or failure to file an objection, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of each Professional. All fees and expenses paid to each Professional under these compensation procedures are subject to disgorgement until final allowance by the Court.

3. Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made, or any authorization contained, hereunder shall be subject to the terms of any orders granting the use of cash collateral approved by this Court in this chapter 11 case, including with respect to any budgets governing or relating to such use (collectively, the "Cash Collateral Order"), and to the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

2663125.1

4. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

Dated: MAY 26 2015, 2015
Chicago, Illinois

_____
Honorable Pamela S. Hollis
United States Bankruptcy Judge

2663125.1