## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GULF PACKAGING, INC., | ) | Case No. 15- 15249 (PSH) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## ORDER ESTABLISHING AND APPROVING PROCEDURES
## FOR THE SALE OF CERTAIN ASSETS

Upon the motion to Establish and Approve Procedures for the Sale of Certain Assets (the "Motion") filed by the above-captioned debtor and debtor in possession (the "Debtor"), and the objection thereto filed by the Official Committee of Unsecured Creditors (the "Committee"); and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court being satisfied that the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors; and it appearing that due and sufficient notice of the Motion has been given by the Debtor under the circumstances and that no further notice is required; and upon hearing on the Motion conducted on May 26, 2015 and the record made thereat; and after due deliberation and good cause appearing thereof, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized to sell or transfer certain Assets without further order of the Court in accordance with the following Asset Sale Procedures:

    a.     With regard to sales or transfers of Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a book value less than or equal to $75,000.00:

{GULFPACK/001/00042773.DOCX/}

i.   the Debtor is authorized to consummate such transactions if the Debtor determines, in the reasonable exercise of its business judgment, that such sales are in the best interest of the estate, without further order of the Court;

ii.   any such transactions shall be deemed final and fully authorized by the Court, and shall be free and clear of Liens with such Liens attaching to the proceeds of sale with the same validity, extent, and priority as existed immediately prior to the transaction;

iii.   the Debtor shall, at least five (5) business days prior to closing such sale or effectuating such transfer, give written notice of the sale or transfer substantially in the form attached to the Motion as **Exhibit B** (each notice, a "Sale Notice") to the following (collectively the "Sale Notice Parties"): (a) the Office of the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"); (b) counsel to the Committee; (c) FCC, LLC d/b/a First Capital ("FCC"); (d) any known affected creditor(s), including counsel to any creditor asserting a Lien on the relevant Assets; and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Sale Notice Parties"), and shall file such Sale Notice with the Court; and

iv.   Each Sale Notice shall contain the material terms of the proposed sale, including the following: (a) an identification of the Assets being sold or transferred; (b) an identification of the purchaser of the Assets; (c) the purchase price; (d) the book value of the Assets; (e) any analysis the Debtor has performed or has in its possession on the value of the Assets, including offers to purchase the Assets, appraisals, valuations, or any other documents or information related to the value of the Assets; and (f) the material terms of the sale or transfer.

v.   Subject to the terms of this Order, the Debtor may sell Assets at a discount of up to 25% of book value. Any proposed sale of Assets for a discount in excess of 25% of book value shall be subject to approval by the Committee.

b.   With regard to the sales or transfers of Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with a book value greater than $75,000.00 and less than or equal to $250,000.00:

i.   the Debtor is authorized to consummate such transactions if the Debtor determines, in the reasonable exercise of its business judgment, that such sales are in the best interest of the estate, without further order of the Court, subject to the below;

ii.   any such transactions shall be free and clear of all Liens with such Liens attaching to the proceeds of sale with the same validity, extent, and priority as existed immediately prior to the transaction;

iii.   the Debtor shall, at least seven (7) business days prior to closing such sale or effectuating such transfer, serve a Sale Notice on the Sale Notice Parties, in the form attached to the Motion as **Exhibit B**;

iv.   if no written objections are filed by the Sale Notice Parties within five (5) business days of service of such Sale Notice, the Debtor is authorized to consummate such transaction immediately; and

v.   if a written objection is received from a Sale Notice Party within such five (5) business day period, the relevant Assets shall only be sold upon withdrawal of such written objection or an order of the Court allowing the sale to proceed.

c.   Purchasers of Assets pursuant to these Asset Sale Procedures shall be deemed to be good faith purchasers and shall be entitled to the protections of section 363(m) of the Bankruptcy Code; *provided, however*, that if the Committee provides the Debtor with an objection to a good faith finding for a particular Asset sale, no good faith finding shall inure to the purchaser absent further order of the Court.

d.   The Debtor shall file a monthly report of Asset Sales (a "Report") with the Court and serve the same upon the U.S. Trustee, counsel to the Committee, FCC, and those parties requesting notice pursuant to Bankruptcy Rule 2002. Reporting shall commence with the calendar quarter ending on June 30, 2015, and continue each calendar quarter thereafter, with each quarterly Report to be filed and served no later than 30 days after the end of each calendar quarter. Each Report shall include the names of the Purchasers and the types and amounts of the sales made during the calendar quarter in question.

3.   Sales to "insiders," as that term is defined in section 101 of the Bankruptcy Code, are excluded from this Order.

4.   Sales and transfers of Assets pursuant to the Asset Sale Procedures shall be deemed to be free and clear of all Liens, with such Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as existed immediately prior to such sale or transfer; *provided, however*, that proceeds constituting cash collateral shall be subject to the

requirements imposed on the Debtor under any orders regarding the use of any cash collateral entered by the Court in this chapter 11 case, including with respect to any budgets governing or relating to such use (collectively, the "Cash Collateral Order").

5.      Except as provided herein, purchasers and transferees of Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

6.      The Sale Notice with regard to the sale or transfer of Assets substantially in the form attached to the Motion as Exhibit B, subject to any modifications required as a result of this Order, is hereby authorized and approved.

7.      Service of the Sale Notice is sufficient notice of the sale or transfer of Assets subject to the Asset Sales Procedures.

8.      With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

9.      Nothing contained herein shall prejudice the rights of the Debtor to seek authorization for the sale of any asset under 11 U.S.C. § 363.

10.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

13.     Notwithstanding anything to the contrary contained herein, the relief granted in this Order and any payment to be made, and any authorization contained, hereunder shall be subject to the terms of the Cash Collateral Order, and to the extent there is any inconsistency between the terms of the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

14.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  JUN - 2 2015
Chicago, Illinois

_____
UNITED STATES BANKRUPTCY JUDGE